**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 98-50105
Summary Calendar
_____

SANDY ACOSTA,

                            Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-95-CV-538)
_____

October 14, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Sandy Acosta appeals the district court's decision affirming the Commissioner's termination of her Supplemental Security Income and Disability Insurance benefits.  Acosta received benefits based on a finding that she met the criteria of § 12.05(c) of the Listing of Impairments in 20 C.F.R. pt. 404, subpt. P., app. 1, because she had "[a] valid verbal, performance, or full scale I.Q. of 60

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." Acosta had a performance I.Q. of 68 and a physical impairment of "status post triple arthrodesis." Later, an administrative law judge ("ALJ") terminated Acosta's benefits in a continuing disability review. The denial of Acosta's request for review made this the final decision of the Commissioner.

The district court affirmed the decision of the ALJ. We review the ALJ's decision of "not disabled" for whether substantial evidence of record supports the decision and whether the ALJ applied the proper legal standards in evaluation of the evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). We review the district court's ruling *de novo*. *See McDaniel v. Harris*, 639 F.2d 1386, 1388 (5th Cir. 1981).

The ALJ's finding that Acosta's increased I.Q. score showed improvement in her mental functioning is supported by the examiner's statement that her intelligence quotient values are in the 80s. Specifically, her verbal IQ went from 68 to 84. Acosta's achievement scores increased one grade level in reading and math. Because Acosta no longer meets the criteria of an impairment in the Listing of Impairments, it is automatically established that the medical improvement resulted in an increase in her functional capacity to work. *See* 20 C.F.R. §§ 404.1594(c)(3)(i), 416.994(b)(2)(iv)(A). Before finding the disability has ended, it must still be established that Acosta can engage in gainful activity. *See* 20 C.F.R. 404.1594(c)(3)(i).

The ALJ concluded that, although Acosta suffers severe physical impairments, she is capable of performing sedentary work. The ALJ found that Acosta had no nonexertional limitations and that she has the residual functional capacity ("RFC") to perform the full range of sedentary work. Sedentary work involves lifting or carrying articles like docket files, ledgers, and small tools. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a). Substantial evidence supports the finding that Acosta can perform sedentary work. Medical evidence and testimony of Acosta's activities, including laundry, vacuuming, dishes, and arts and crafts, provide a sufficient basis for this finding.

Pursuant to the Social Security Administration's regulations, the ALJ then applied the Medical-Vocational Guidelines ("Guidelines") to show that Acosta is capable of work in the national economy. A younger, unskilled claimant with the RFC for sedentary work and a limited education is "not disabled." *See* 20 C.F.R. pt. 404, subpt. P, app. 2, tbl. No. 1, Rule 201.24.

Acosta argues that the ALJ was precluded from relying solely upon the Guidelines because her low I.Q. scores are a nonexertional impairment. If nonexertional impairments significantly affect a claimant's RFC, then the ALJ may not rely exclusively on the Guidelines, but must rely on expert vocational testimony or other evidence. *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Acosta's argument is without merit because borderline I.Q. scores do not constitute a nonexertional impairment. *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990)(rejecting that I.Q.

score of 72 supports finding of nonexertional impairment). Although mental retardation does qualify as a nonexertional impairment, Acosta's lowest I.Q. score of 82 does not satisfy the regulation's definition of retardation. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05 (requiring I.Q. score of 70 or less). The Guidelines were sufficient to meet the burden of proof that Acosta may perform other work in the national economy.

We find that the Commissioner's decision is supported by substantial evidence, and thus AFFIRM the district court.

AFFIRMED.